# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CONSUELA LEWIS GILREATH,

                Plaintiff,

      v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                Defendant.

Case No. EDCV 16-02037-JEM

MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY

## PROCEEDINGS

On September 26, 2016, Consuela Lewis Gilreath ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on January 9, 2017. On April 26, 2017, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this action dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 59-year-old female who applied for Social Security Disability Insurance benefits on March 8, 2011, alleging disability beginning March 8, 2010. (AR 17, 485.) The ALJ determined that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of March 8, 2010, through her date last insured of March 31, 2016. (AR 488.)

Plaintiff's claim was denied initially on May 11, 2011, and on reconsideration on August 3, 2011. (AR 17, 485.) Plaintiff filed a timely request for hearing. (AR 17, 485.) On March 9, 2012, the Administrative Law Judge ("ALJ") Troy Silva held a video hearing from Moreno Valley, California. (AR 17, 485.) Plaintiff appeared in Palm Springs, California and chose to appear and testify without the assistance of an attorney or other representative. (AR 17.) Vocational expert ("VE") Alan L. Ey also appeared at the hearing. (AR 17.)

The ALJ issued an unfavorable decision on March 20, 2012. (AR 17-28, 485.) The Appeals Council denied review on November 1, 2013. (AR 1-3, 627-29.)

On December 11, 2014, the U.S. District Court for the Central District of California, Eastern Division-Riverside (Civil Action number 5:13-CV-02285-DSF-JEM) remanded this case to the Commissioner of Social Security for further administrative proceedings in accordance with the fourth sentence of Section 205(g) of the Social Security Act. (AR 485.) On January 30, 2015, the Appeals Council remanded this case back to an ALJ. (AR 622-25.)

On April 7, 2016, ALJ Lynn Ginsberg held a video hearing over which she presided from Moreno Valley, California. (AR 485.) VE George J. Bluth appeared at the hearing via telephone. (AR 485.) Plaintiff was represented by counsel. (AR 485.)

On July 25, 2016, the ALJ issued an unfavorable decision. (AR 485-96.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1.      Did the ALJ properly find that Plaintiff could perform her past relevant work (hereinafter "PRW").

2

2.     Is Plaintiff entitled to reversal with an order to calculate benefits.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work ("PRW"). Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R.

4

§ 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of March 8, 2010, through the date last insured of March 31, 2016.  (AR 488.)

At step two, the ALJ determined that through the date last insured Plaintiff had the following medically determinable severe impairments: status post bilateral unicompartmental arthroplasty; and post surgical tendonitis of the patellar tendon.  (AR 488.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  (AR 488.)

The ALJ then found that through the date last insured Plaintiff had the RFC to perform light work as defined in 20 CFR 404.1567(b), with the following limitations:

> Claimant can lift and carry 20 pounds occasionally and 10 pounds
> frequently; she can stand and walk for six hours in an eight-hour workday
> and sit for six hours in an eight-hour workday; she has no limitations in
> pushing and pulling; she can frequently climb ramps and stairs, balance,
> stoop, and crouch; she can occasionally climb ladders, ropes or scaffolds,
> kneel, and crawl; and she has no other limitations.

(AR 488-495.)  In determining the above RFC, the ALJ made an adverse credibility determination, which Plaintiff does not challenge here.  (AR 490.)

At step four, the ALJ found that through the date last insured Plaintiff was able to perform her past relevant work as a secretary as actually and generally performed and administrative clerk as generally performed, but not as actually performed.  (AR 496.)

Consequently, the ALJ found that Claimant was not disabled within the meaning of the Social Security Act, at any time from March 8, 2010, the alleged onset date, through March 31, 2016, the date last insured.  (AR 496.)

**DISCUSSION**

The ALJ decision must be affirmed. The Court's mandate from the prior ALJ decision was limited to the fifth step determination of whether Plaintiff can perform alternate work in the national economy. Therefore, the Court rejects the attempt of the new ALJ and the Commissioner to litigate other issues like the Plaintiff's RFC and past relevant work. Nonetheless, the Court affirms the new ALJ decision because new VE testimony establishes that Plaintiff could perform alternative work in the national economy during the period from the alleged onset date of March 8, 2010, to her date last insured of March 31, 2016, consistent with her RFC.

## I.      THE NEW ALJ DECISION IS INCONSISTENT WITH THE SCOPE OF MANDATE

### A.      The Rule Of Mandate

The rule of mandate provides that any "district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it." Hall v. City of Los Angeles, 697 F.3d 1059, 1067 (9th Cir. 2012). The Ninth Circuit has held that the rule of mandate applies to Social Security administrative remands from federal court in the same way they would apply in any other case. Stacy v. Colvin, 825 F.3d 563, 567 (9th Cir. 2016.)

A lower tribunal may decide "anything not foreclosed by the mandate." Hall, 617 F.3d at 1067. The tribunal, however, commits "jurisdictional error" if it takes action that contradicts the mandate. Id. The lower tribunal may reexamine any issue on remand not inconsistent with the mandate as any issue not expressly or impliedly resolved on appeal is available for consideration on remand. Stacy, 825 F.3d at 568 (citing Odima v. Westin Tucson Hotel, 53 F.3d 1484, 1497 (9th Cir. 1995)).

### B.      The First ALJ Decision

In its decision of March 20, 2012, the first ALJ assessed Plaintiff with a RFC for a range of medium work that limited Plaintiff to standing, walking, or sitting for four hours out of an eight hour workday. (AR 20-26, 590.) The ALJ then found that the above RFC limitation precluded her past relevant work as a department manager, administrative clerk, and secretary. (AR 26,

27, 590.)  Neither party challenged nor appealed these RFC and PRW findings.  The ALJ,

however, also found that there are alternative jobs in the national economy that Plaintiff could

perform, specifically cashier, assembler (small products) and assembler (electrical

accessories).  (AR 27-28, 590.)  Thus, the ALJ found Plaintiff not disabled.  (AR 28, 591.)  The

Appeals Council denied Plaintiff's request for review on November 1, 2013.  (AR 1-3, 627-29.)

On appeal to this Court, the only issue presented was whether the ALJ's fifth step

determination that Plaintiff was able to perform alternate work in the national economy was

erroneous.  (AR 587.)  This Court on October 28, 2014, reversed the ALJ's fifth step

determination that Plaintiff could perform the alternate jobs of cashier, assembler (small

products), and assembler (electrical accessories).  (AR 593-96.)  It did so for several reasons.

First, each of these jobs requires six hours of standing and walking and neither the VE nor the

ALJ provided an explanation of how Plaintiff could perform these jobs with an RFC limitation to

only four hours for these activities.  (AR 594-95.)  Second, the VE was never asked whether

there was conflict between his testimony and the DOT and, if so, whether there was a

reasonable explanation for the conflict as required by SSR 00.4p (2000 WL 1898704, at *4)

and Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007).  (AR 595.)  Third, the VE

failed to provide data on the erosion of the occupational base of the three identified jobs due to

Plaintiff's nonexertional limitations.  (AR 595-96.)  The Court held that the ALJ's fifth step

determination that Plaintiff can perform alternate work in the national economy was not

supported by substantial evidence.  (AR 596.)

The Court recommended to the District Court that the case be remanded for further

proceedings consistent with law and "with this Report and Recommendation."  (AR 596.)

(Emphasis added.)  The District Court accepted the findings and Recommendation of the Court

on December 11, 2014.  (AR 618-620.)

On January 30, 2015, the Appeals Council, because of the District Court's remand,

vacated the ALJ's decision and remanded the case to an ALJ for further proceedings

"consistent with the order of the court."  (AR 624.)  (Emphasis added.)  The Appeals Council

ordered the ALJ to offer Plaintiff "a hearing, take any action needed to complete the administrative record and issue a new decision." (AR 624.)

### C. The Second ALJ Decision

At the remand hearing on April 7, 2016, the new ALJ announced, "I will be looking at it [the case] in terms of a de novo review. That is a new review not bound by any prior decisions or determinations." (AR 526.) In her July 25, 2016 decision, the new ALJ states that the District Court did not determine whether findings on issues other than step five were supported by substantial evidence. (AR 485.) The ALJ stated, "Crucially, the Appeals Council remand order does not state that the undersigned is bound by any of the findings made by the prior ALJ." (AR 485.) The ALJ did not acknowledge that the remand was for further proceedings consistent with this Court's Report and Recommendation (AR 596, 620) or that the Appeals Council directed the ALJ to conduct further proceedings "consistent with the order of the court." (AR 624.)

The ALJ then altered the previous ALJ's RFC, finding that Plaintiff could stand, walk, or sit for six hours in an eight hour workday instead of four. (AR 488.) With this less restrictive RFC, the ALJ determined that Plaintiff could perform her past relevant work and was not disabled. (AR 495-96.)

### D. Analysis

The Court's mandate was limited to further proceedings regarding the prior ALJ's fifth step determination that Plaintiff could perform work in the national economy. No other issue was within the scope of the Court's mandate. Nothing in the court's ruling even remotely suggested that the ALJ was free to conduct de novo proceedings on other issues. See Ischay v. Barnhart, 383 F. Supp. 2d 1199, 1216 (C.D. Cal. 2005). The new ALJ decision is inconsistent with the Court's mandate. The Court will disregard the new ALJ's RFC and PRW findings.

Echoing the ALJ's arguments, the Commissioner argues that the Court did not affirm the prior ALJ's RFC finding but merely set forth the ALJ's RFC finding. The Commissioner also argues that the District Court did not consider whether the other findings in the first ALJ

decision were supported by substantial evidence and that the ALJ's RFC and PRW findings were not the subject of the remand order.

The arguments made by the new ALJ and the Commissioner are unpersuasive. Both miss a critical truth. The Court's fifth step determination necessarily was based on the first ALJ's RFC and PRW findings. The Court could not have reached its fifth step determination without accepting the first ALJ's RFC and PRW findings, which neither party appealed.[1] As already noted, the rule of mandate encompasses issues both expressly and impliedly resolved on appeal. Hall, 697 F.3d at 1067; see also Ischay, 383 F. Supp. 2d at 1217 (issues decided by necessary implication in regard to the law of the case doctrine), citing United States v. Cote, 51 F.3d 178, 181 (9th Cir. 1995). The Court impliedly and necessarily accepted the first ALJ's RFC and PRW findings.

Neither the new ALJ nor the Commissioner ever addresses what is to be done with the Court's prior decision. Both make much of the fact that the Appeals Council vacated the prior ALJ decision, but this Court's decision was never vacated and the Appeals Council is as bound by this court's decision as the new ALJ. The new ALJ has not executed this Court's remand mandate. Indeed, the ALJ has acted in a manner that renders it without effect. The ALJ does not even acknowledge this Court's remand order for further proceedings consistent with this Report and Recommendation (AR 596) or the Appeals Council's direction to conduct further proceedings consistent with the order of the court. (AR 624.) The ALJ, instead of carrying out this Court's mandate, has acted inconsistent with and in derogation of it. The rule of mandate requires that the lower court's actions on remand must be "consistent with both the letter and the spirit of the higher court's decision." Ischay, 383 F. Supp. 2d at 1214 (emphasis in original) (citing Quern v. Jordan, 440 U.S. 332, 347 n.18 (1979). Deviation from a court's remand is itself legal error subject to reversal. Sullivan v. Hudson, 490 U.S. 877, 886 (1989).

---

[1] The Appeals Council, moreover, had the opportunity to review the first ALJ decision and/or vacate it but instead chose to deny review. (AR 1-3, 587.)

1    The Court also rejects the Commissioner's argument that § 404.983 gives the ALJ on

2  remand by a federal court the license to raise any issues relating to Plaintiff's claim, whether or

3  not raised in the administrative proceedings leading to a final decision.  This very argument was

4  raised and rejected in Ischay because § 404.977(b) requires an ALJ to take action not

5  inconsistent with the Appeals Council's remand which, as in this case, contained an identical

6  instruction to take further proceedings "consistent with the order of the court."  Ischay, 383 F.

7  Supp. 2d at 1217.

8    The Court's remand Order was limited to the fifth step determination of whether Plaintiff

9  could perform alternate work in the national economy.  The Court rejects the new ALJ's

10  findings on Plaintiff's RFC and PRW.

11  **II.    NEW VE TESTIMONY ESTABLISHES PLAINTIFF CAN PERFORM
        ALTERNATE WORK IN THE NATIONAL ECONOMY**

12

13    The ALJ's error in addressing issues outside the scope of the mandate was harmless.

    See Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (error is harmless when it is
14
    "inconsequential to the ultimate nondisability determination" (internal quotations and citations
15
    omitted)).  During the last hearing, the new ALJ asked the VE if Plaintiff could perform alternate
16
    work in the national economy within the first ALJ's RFC limitations of four hours standing,
17
    walking and sitting.  (AR 534-35.)  The VE testified that Plaintiff could perform the jobs of
18
    cashier, assembly worker, and quality control inspector.  (AR 534.)  Plaintiff could perform
19
    these three jobs because all three of these jobs offer a sit/stand option consistent with the first
20
    ALJ's limitation of four hours sitting or standing.  (AR 535-36.)  The VE reduced the job
21
    numbers for jobs requiring the full amount of sitting or standing for light work.  (AR 535.)
22
        The new VE testimony that Plaintiff can perform in the national economy is plainly within
23
    the scope of this Court's mandate, which is limited to the fifth step of the sequential evaluation
24
    process.  The VE, moreover, explained how Plaintiff could perform the three light work jobs
25
    consistent with the RFC for only four hours of standing, walking, or sitting.  The VE testified that
26
    all three jobs had sit/stand options that would accommodate her RFC.  The VE's explanation
27
    for the apparent conflict was reasonable.  The VE also testified to the extent of the erosion of
28

the occupational base (AR 536-42), another deficiency noted in this Court's prior opinion. (AR 595-96.) It appears to the Court that the new VE testimony addresses all three errors the Court identified in the first ALJ's fifth step determination. (AR 594-96.)

Plaintiff contends that the VE's testimony does not constitute "persuasive evidence" to support a deviation from the DOT requirements for light work, citing Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995). The VE, however, provided sufficient support for his opinion. (AR 536-42.) The VE explained that he based his opinion on "my experience in the job markets and actually observing these particular jobs" (AR 536), including placing people in the identified jobs (AR 537). He testified that he had approximately 100 experiences over a four year period in observing and placing people in the three identified jobs. (AR 537-38.) Plaintiff argues that the VE did not cite to a "persuasive" publication (AR 536-39), but neither Johnson nor any other case requires a VE's opinion on deviation to be based on a specific publication. The VE here provided a reasonable explanation and sufficient support for his opinion that Plaintiff can perform the three identified jobs notwithstanding her RFC. Massachi, 486 F.3d at 1152-53 and 1154 n.19.

The Government has carried its burden at the fifth step of the sequential process to establish that there are jobs in the national economy that Plaintiff can perform.

* * *

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

DATED: October 10, 2017                          */s/ John E. McDermott*
                                                          JOHN E. MCDERMOTT
                                                    UNITED STATES MAGISTRATE JUDGE